PER CURIAM.
The Florida Power Corporation (FPC) appeals from an order of the Public Service Commission (PSC) regarding electric rates. *452 We have jurisdiction. Art. V, § 3(b)(2), Fla. Const.
At issue is whether FPC should bear the cost of a delay in service due to a damaged fuel assembly caused by a dropped test weight. The incident involved herein was previously the subject of PSC order No. 9775, which this Court reversed in Florida Power Corp. v. Public Service Commission, 424 So.2d 745 (Fla.1982). We reversed order No. 9775 because the PSC based its assessment against FPC on documents of the Nuclear Regulatory Commission (NRC) and FPC’s nuclear general review committee (NGRC) that were released after the accident had occurred, and therefore based on hindsight, and employed a safety-related standard that involved “a very different risk and a much higher standard of care than were involved in this case.” Florida Power, 424 So.2d at 747. The term “safety-related” in this context means that the work so designated involves a risk that radioactive material may be released outside the plant. Id. Our review of the record indicated that the extended repair work involved at the time was not per se safety-related, and that fact in part accounted for not recognizing as safety-related the use of the test weight. In its previous order, the PSC found “evidence that policies, decisions, and procedures which were undisputedly the functions of management were lacking in this instance.” Id., quoting order No. 9775 at 5. When we reversed that order, we remanded to the PSC for reconsideration.
In its Order on Remand, No. 12240, the PSC asserts that “there is a basis, independent of the NRC and NGRC documents, for determining that the procedures governing the work activity involving the use of the test weight device were deficient, [and] that the planning and supervision of the project were inadequate_” Order No. 12240 at 1. The PSC found that “FPC’s failure to adequately plan and supervise the move of the test weight device was imprudent” based on a lack of various procedures which might have been employed. Order No. 12240 at 8. As primary evidence of the inadequacy of FPC’s procedures the PCS cites the statement of Mr. Beatty, the plant manager, that “[o]ur internal procedure was not adequate enough to preclude this happening because it did not require the testing of the hooks and it should have.” Order No. 12240 at 9. This statement cannot be used to support the PSC’s independent determination of mismanagement, as it was made in response to questions concerning the deficiencies in FPC’s safety-related procedure regarding the labeling of hooks that was the basis for the NRC’s notice of violation. The lack of procedures which might have prevented the accident, suggested by the PSC, amounts to an application of the 20-20 vision of hindsight. The PSC has not shown that FPC management acted unreasonably at the time. In short, the PSC’s findings are unsupported by competent substantial evidence.
Florida Power Corporation’s other point is mooted by our holding. Order No. 12240 is reversed and this cause is remanded for entry of an order consistent with this decision.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, ALDERMAN, McDONALD, EHRLICH and SHAW, JJ., concur.